HUTTIG MANUFACTURING COMPANY, Appellant, v. CORA
BURHANS.

**Mortgages:** FORECLOSURE: SALE OF HOMESTEAD.   Where a mortgage
1 covers both a homestead and other property of the mortgagor,
the mortgagee may be required to exhaust the other property be-
fore resorting to the homestead.   But if the other property has
been subjected to prior liens and is not available to the mortgagee
it has been exhausted, within the meaning of the statute and
so far as the mortgagee is concerned, and he may then resort
to the homestead.

**Same:** REPRESENTATIONS OF MORTGAGEE.   The statement of a mort-
2 gagee that the homestead, if included in the mortgage, would not
be resorted to until the other property covered thereby had been
exhausted, although made to induce the mortgagor to include the
same in the mortgage was no more than a statement of what
the law requires; but if the same could be construed as a promise
on the part of the mortgagee it was complied with by a finding
that the mortgage, so far as it covered other property, was fraud-
ulent and void as to the mortgagor's creditors.

*Appeal from Des Moines District Court.*—HON. JAMES
D. SMYTHE, *Judge.*

WEDNESDAY, OCTOBER 19, 1910.

ACTION to foreclose a mortgage on real estate given
by D. Winter to plaintiff to secure the indebtedness to
plaintiff of E. D. Winter & Co., for which the mortgagor

was liable as guarantor. The property described in the mortgage included the homestead of the mortgagor, and in this action it is asked that such homestead be subjected to the payment of the mortgage indebtedness. Prior to the commencement of action to foreclose the mortgage, D. Winter died, and his daughter, Cora Burhans, as testatrix, became vested with the legal title to the said homestead property. In the answer of the defendant, it was alleged that, to secure the execution of said mortgage, one Warner, an attorney acting for the plaintiff, represented to the mortgagor, for the purpose of inducing him to include in the mortgage the portion of his real property which constituted his homestead, that, if the homestead was so included, it would not and could not be touched until all the other property included in the mortgage other than the homestead should be sold and the proceeds applied to the satisfaction of the mortgage indebtedness, and that the property not constituting the homestead was not exhausted in the satisfaction of the mortgage debt and the plaintiff therefore had no right to maintain this action. The allegations of fact in the answer were supported by evidence, and the court rendered a decree for the defendant, denying any relief to the plaintiff. From this decree plaintiff appeals.—*Reversed.*

*Seerley & Clark* and *E. M. Warner,* for appellant.

*Power & Power* and *A. M. Antrobus,* for appellee.

McCLAIN, J.—Two reasons are assigned for appellee to sustain the action of the trial court in refusing to decree a foreclosure of the mortgage on the homestead: First, that under the statute (Code, section 2976) the homestead could be sold under a mortgage covering such homestead and other property "only for a deficiency remaining after exhausting all other property" covered by the mort-

gage; and, second, that the mortgagor was induced to execute the mortgage by a representation that, if the homestead was included in the mortgage, the plaintiff would first be required to exhaust the other property before resorting to the homestead.

Both these contentions are predicated on findings of the federal court in bankruptcy proceedings against E. D. Winter & Co. and D. Winter that the latter was liable for the debts of the former, that at the time the mortgage in question was given D. Winter was insolvent, and that plaintiff was chargeable with notice of that fact so that the mortgage recorded within four months prior to the institution of bankruptcy proceedings was fraudulent as to other creditors and void (*Huttig Mfg. Co. v. Edwards,* 160 Fed. 619, 87 C. C. A. 521), wherefore the property of D. Winter other than the homestead included within the mortgage was sold for the benefit of firm creditors, a portion of the amount realized being paid to plaintiff as such creditor on the indebtedness secured by the mortgage leaving about $12,000 of said claim unsatisfied, for which amount plaintiff is attempting to foreclose the mortgage on the homestead.

I.   Under the statutory provision above cited, plaintiff, having a mortgage covering the homestead and other property of the mortgagor, was bound to exhaust the other property before resorting to the homestead, and the contention for the appellee is that it did not exhaust the other property, which was by the bankruptcy court found not to be subject to the mortgage on account of its invalidity under the bankruptcy law and was sold under the order of that court, the proceeds being applied to the satisfaction of the claims of the firm creditors, including the plaintiff. We find no authority, however, for giving the statutory language the interpretation thus sought to be placed upon it. It can not have been the intention of the Legislature, as we

*1. MORTGAGES: foreclosure: sale of homestead.*

think, to provide that, if the portion of the property other than the homestead included in the mortgage is found not to be available to the mortgagor under his mortgage for the satisfaction of his debt, his claim on the homestead is thereby defeated. When such property has been found not available to the mortgagor in the satisfaction of the mortgage indebtedness, then it is "exhausted" so far as the mortgagee is concerned. It can not reasonably be contended that, if the mortgagee finds that the property other than the homestead included within his mortgage is subject to prior liens which in fact exhaust it, he is thereby deprived of the benefit of his mortgage on the homestead. The statute does not provide that the other property must have been exhausted "for the payment of the debt" secured by the mortgage, but only that such other property pledged by the same contract for the payment of the debt shall have been exhausted. As a matter of fact, the property other than the homestead had been applied to the satisfaction of plaintiff's claim secured by the mortgage, but only *pro tanto* with the other claims which were unsecured, and we think that by filing its claim as a general creditor and taking its *pro rata* share of the proceeds of such other property the plaintiff had exhausted its remedy as to such property.

II. The contention for appellee that plaintiff has not complied with its promise made to the mortgagor as an inducement to the execution of the mortgage that the home-

2. SAME: representations of mortgagee.

stead would not be resorted to until all of the other property covered by the mortgage had been exhausted, is answered by the same course of reasoning as that above applied to the claim with reference to the interpretation of the statute. Plaintiff has exhausted its remedy as to other property. The promise was not that the value of the other property, without regard to whether such value could be made available to plaintiff in the satisfaction of his claim, should be deducted

from such claim before resort was had to the homestead, but only that under the law plaintiff would be first required to exhaust the other property, or that such other property must be exhausted before resort was had to the homestead. These statements made to the mortgagor as an inducement for including the homestead within the mortgage purported to be nothing but a statement of a rule of law. But, even if they are to be interpreted as statements of fact, they were true when made, and, if they could be interpreted as a promise, they have been complied with so that in no respect can appellee complain.

At the time the mortgage was executed, plaintiff had no knowledge that D. Winter was liable for the indebtedness of the firm of E. D. Winter. So far as plaintiff knew or was advised by D. Winter, the liability of the latter for the indebtedness of the firm was limited to plaintiff's claim, which D. Winter had expressly guaranteed. It is true that the bankruptcy court held, first, that D. Winter was liable for the indebtedness of the firm because it had been contracted in reliance on the representations expressly or impliedly sanctioned by D. Winter that he was a member of the firm; and, second, that plaintiff might have ascertained at the time it took its mortgage that D. Winter was so largely indebted as to render him insolvent. But it is not contended that the mortgage was taken by plaintiff in contemplation of the proceedings in bankruptcy which were subsequently instituted, nor, if such proceedings had not been instituted within four months after the recording of the mortgage, that such mortgage would have been invalid. It therefore appears that, when plaintiff took its mortgage, it was acting properly and solely for the purpose of securing its claim, and became obligated under the statute and under the representations made to the mortgagor to resort to the homestead only so far as its claim could not be satisfied by resort to the property not constituting the homestead. If such other property

is not and never has been available to the plaintiff for the satisfaction of that portion of its claim which it is now seeking to enforce as against the homestead, there is nothing in the statute nor in the representations and promises made for plaintiff when the mortgage was executed to defeat 'the rights which it is seeking to assert in this action.

For these reasons, the decree of the trial court is *reversed.*